IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA,

v.  Case No.: 1:26-mj-27

IVOR EVANS.

## OPPOSITION TO GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

Comes now, the defendant IVOR EVANS, by and through counsel and files this opposition to the government's motion for pretrial detention. In support of which, counsel states the following:

### I. Relevant Procedural History

Mr. Evans was arrested on January 23, 2026. He appeared for his initial appearance on January 28, 2026. He stands charged with attempt to possess five (f) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of 21 USC sec. 846 and 841(a)(1) and (b)(1)(A)(ii). At that time the Court ordered Mr. Evans held and set a detention hearing for January 30, 2026.

### II. Legal Predicate

#### Appropriate Detention Factors

"Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). Pretrial detention and release are governed by the Bail Reform Act (BRA), 18 U.S.C. § 3142, *et seq*. The BRA instructs the Court to seek "the least restrictive further condition or conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any

other person and the community." *Id*. § 3142(c)(1)(B). However, if the Court finds after the hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Court "shall order the detention of the person before trial." *Id.* § 3142(e)(1).

The Court's determination is governed by four factors:

1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1951, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive or destructive device;

2) The weight of the evidence against the person;

3) The history and characteristics of the person, including –

   A. The person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   B. Whether, at the time of the current offense or arrest, the person was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

4) When considering whether there are any conditions of pretrial release "that will reasonably assure" a particular defendant's appearance in court, and the safety of the community, 18 U.S.C. § 3142(f), Congress carefully prescribed these four factors that a court must consider. *Id.* § 3142(g).

### III. ARGUMENT

### A. Nature and Circumstances of the Offense.

The first statutory factor requires the Court to consider "the nature and circumstances of the offense charged, including whether the offense is a crime of violence." 18 U.S.C. § 3142(g)(1). The BRA, of course, requires a reviewing court to "assess the specific conduct of each defendant." *United States Chrestman*, No. 21-mj-218 (ZMF), 2021 WL 765662, at *7 (D.D.C. Feb. 26, 2021). The reviewing court should evaluate the nature and circumstances of Mr. Evan's specific conduct, then consider the different factors that warrant potential pretrial detention for his participation. *Id.*

While the affidavit in support of the criminal complaint refers to other criminal acts allegedly committed by Mr. Evans he is only charged with a single non-violent offense. Namely, he is charged with the attempted possession of cocaine. Notably, the alleged cocaine was not actually cocaine. Instead, it was a rouse used by law enforcement to entice Mr. Evans to commit a criminal act.

### B. Weight of the Evidence.

Mr. Evans conceds that the weight of the evidence weighs in favor of detention. However, he submits the Bail Reform Act permits this Honorable Court to weigh this single factor against all other appropriate factors prior to making a determination on detention. The defense submts in light of the remaining factors release is appropriate.

### C. History and Characteristics of the Defendant.

Mr. Evan's history and characteristics weigh in favor of release. Mr. Evans is a father of three minor children. He is actively involved in their lives. He is the primary financial support for his children. His oldest son is a local college student. His father support is essential to his ability

to remain in school. At the time of his arrest, he was gainfully employed. He has no criminal history. As detailed in the pretrial services report, Ms. Evans has substantial contacts to this district.

As a testament to her character, the defendant submits the attached letters of support. In summary, the letters detail Mr. Evan's good nature, and commitment to the care and welfare of his children. We ask that the Court take these letters into consideration in addressing this factor.

**D. Danger to Community.**

In the course of this Court's consideration of motions for pretrial release or detention, the goal is to ensure that the pretrial release of a defendant will not imperil "the safety of any other person and the community." § 3142(g)(1). Although the government may repeat her previous contention that the mere allegation of involvement with events detailed in the complaint is concerning enough to support detention such a position would result in any defendant charged with the same automatically being detained. Of course, the Bail Reform Act requires much more. It requires a particularized finding that this defendant represents a danger that cannot be abated by any conditions of release. The government simply cannot demonstrate such.

**E.     Rebuttable Presumption**

The crime for which Mr. Evans stands charged creates a rebuttable presumption in favor of detention. However, in light of the factors to be addressed under the Bail Reform Act he has rebutted the presumption. The nature and circumstances of the crime charged, in a light most favorable to the government, are devoid of any acts of violence. His history and characteristic weighs heavily in favor of release. He has very strong contacts to the district and no prior criminal

record. Finally, he does not presently represent a danger to the community. The allegations in the complaint concerning his alleged attempt to possession cocaine does not indicate he is a danger to the community. Assuming *arguendo* the court views it differently, there are a combination of conditions which could reasonably abate any danger.

**F.       Recommendation on Conditions of Release**

Mr. Evans respectfully recommends that the Court release Mr. Evans on the following conditions:

1. That he be placed on direct court supervision through pretrial services;
2. That he surrenders his passport or any travel related documents to pretrial services;
3. That he be placed on electronic monitoring;
4. That he be placed in the third-party custody of Ms. Cheryl Wilson;
5. That he be precluded from using any electronic devices absent approval from pretrial services;
6. That he be placed on a reasonable curfew.

**IV. Conclusion**

For the reasons stated herein and those that may become evidence at any hearing, Mr. Evans respectfully requests that this Honorable Court enter an order setting conditions of release.
I ASK FOR THIS:

      By counsel

      _____
      Robert L. Jenkins, Jr., Esq.
      Bynum & Jenkins Law

Virginia State Bar No.: 39161
1010 Cameron Street
Alexandria, Virginia
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for IVOR EVANS

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and accurate copy of the foregoing to be served on all counsel of record via ECF on this January 29, 2026.

_____
Robert L. Jenkins, Jr., Esq.
Bynum & Jenkins Law
Virginia State Bar No.: 39161
1010 Cameron Street
Alexandria, Virginia
(703) 309 0899 Telephone
(703) 549 7701 Fax
RJenkins@BynumAndJenkinsLaw.com
Counsel for IVOR EVANS